UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| DIRECTV, INC. | ) Case No.: 03-12255-WGY |
| Plaintiff, | ) JOINT STATEMENT OF THE PARTIES |
| | ) PURSUANT TO LOCAL RULE 16.1(D) |
| vs. | ) |
| Joseph Gryboski | ) |
| Defendant | ) |

*[Handwritten note: March 12, 2004, So ordered as the case management scheduling order. This sliding approach to trial preparation is fine, as long as the parties agree that the trial date will not be continued. William G. Young, Chief Judge]*

Now come the Plaintiff, DIRECTV, and the Defendant, Joseph Gryboski and pursuant to Local Rule 16.1(D), do hereby submit the following Joint Statement to this Honorable Court.

## I. PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiff, Kenneth Quat, Counsel for the Defendant, do hereby certify that they have conferenced via electronic mail, on the issues required be discussed pursuant to this rule on February 24, 2004.

## II. SETTLEMENT PROPOSAL

Counsel for the Defendant, does hereby certify that he received a Settlement Proposal from the Plaintiff accompanying the Joint Statement, pursuant to Local rule 16.1(C). Counsel for the Plaintiff does hereby certify that he presented said Settlement Proposal to the Defendant. At this time, the Defendant is not in a position to accept the Plaintiff's demand for settlement of the above matter.

## III. MEDIATION

The Plaintiff is willing to go to mediation; the Defendant may be willing to pursue

Page 1

mediation after some Discovery has been done.

### IV.   JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Parties and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

1. **Initial Discovery, Non-expert Depositions and Paper Discovery**, 120 days From date of Initial Discovery Order.

    The Parties propose that the first phase of discovery be for developing information needed for a realistic assessment of the case. This can best be achieved through Non-expert depositions and limited paper discovery

    The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation. The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

2. **Second Scheduling Hearing**

    a.   The Parties propose that after the Initial Discovery reference above the parties shall again attend a Scheduling Conference with the Court to discuss further Discovery requirements and the scheduling of Dispositive Motions

3. **Other Discovery Matters**

    a.   Whenever any discovery controversy arises to the point where motions are filed, all deadline dates as set forth above with reference to discovery shall be automatically extended to include the time necessary for the determination or settlement of the discovery dispute.

    b.   Should other parties be brought into this action during the course of the action, parties and the new party shall still have the same rights as to the discovery set

       forth above. To the extent possible, the parties, including the new party/parties, shall endeavor to maintain the existing discovery schedule. However, if a new party or parties are brought into this action and some or all of the pre-discovery phases have already gone by then the parties and any new party or parties will have the right to at least one additional phase of discovery, being 90 days long during which the parties shall endeavor to utilize all the forms of discovery.

   c.    The parties by written stipulation, extend or modify the terms and/or deadlines set forth herein.

4. **Motions**

With respect to motions, the parties submit that any motions filed under Fed. R. Civ. P. 12, 13, 14, and 15 shall be filed no later than sixty (60) days after the end of the final phase of discovery (taking into account that the second and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy). Furthermore, motions pursuant to Fed. R. Civ. P. 56 shall be filed no later than 120 days after the end of the final phase of discovery (again taking into account that the third and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy).

## V.   CERTIFICATION

     Counsel for the Plaintiff counsel for the Defendant and the Parties certify by their signatures below and all pursuant to Local Rue 16.1(D) that each Party and said Parties Counsel have conferred as to:

   1.    Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

Page

2.          To consider the resolution of litigation to the use of alternative dispute resolution programs.

## VI.   CONSENT TO APPEAR BEFORE A MAGISTRATE

The Plaintiff is amenable to Trial before a Magistrate, but Defendant is not.

|  | Respectfully Submitted for the Plaintiff, |
|---|---|
|  | By Its Attorney, |

_____2/25/04_____                    _____
Date                                                              John M. McLaughlin
                                                                  **McLaughlin Sacks, LLC**
                                                                  31 Trumbull Road
                                                                  Northampton, MA 01060
                                                                  Telephone: (413) 586-0865
                                                                  BBO No. 556328

Respectfully Submitted by the Defendants Attorney,

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord, MA 01742

_____
John Green, Duly Authorized Agent
for Plaintiff