UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action 03-12255-WGY |
| ) | |
| ) | |
| JOSEPH GRYBOSKI, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(Oral Argument Requested)**

Pursuant to Fed. R. Civ. P. 56(a), defendant Joseph Gryboski hereby moves for summary judgment on all counts of the Complaint.  There is no genuine issue as to any material fact relative to said counts, and defendant is therefore entitled to summary judgment as a matter of law.

**Summary of the Action**

According to the Complaint, plaintiff "operates the United States' premier digital satellite entertainment service, delivering over 225 channels of digital entertainment and informational programming to homes and businesses equipped with specialized digital satellite system equipment." Complaint, ¶1.  In order to restrict the actual viewing of its signal to those who pay for it, plaintiff "encrypts its satellite transmissions and employees conditional access technology to prevent unauthorized access to its television programming by non-subscribers." Complaint, ¶4.  At the heart of this security system is an "access card,"  which resides in an integrated receiver/decoder known as an "IRD."

Complaint, ¶2. The access card "blocks access to DIRECTV programming until the customer purchases one or more programming packages from DIRECTV. When the customer subscribes to a package, DIRECTV electronically activates the subscriber's access card in accordance with that subscription. The access card then acts as a reprogrammable microprocessor and uses 'smart card' technology to (a) control which DIRECTV programming the subscriber is permitted to view, and (b) capture and transmit to DIRECTV the subscriber's impulse pay-per-view information." Complaint, ¶9.

According to plaintiff, "the access cards are the primary security mechanism relied on by DIRECTV." Complaint, ¶11. Plaintiff asserts that dishonest individuals seek to steal its satellite signal through "the modification of access cards using various hardware and software devices designed to disable the access cards' security." Complaint, ¶11. Plaintiff calls such individuals "satellite pirates," and the hardware used by them "pirate access devices." Complaint, ¶11, 19.

In this action, DirecTV claims that defendant purchased five items which plaintiff alleges to be "pirate access devices." Complaint, ¶19  In Count I, plaintiff asserts that defendant utilized these devices to receive plaintiff's satellite signal without authorization in violation of 47 U.S.C. §605(a). In Count II, plaintiff alleges that defendant's receipt of the encrypted satellite signal violated 18 U.S.C. §2511(1)(a). In Count III, plaintiff claims that defendant distributed the "pirate access devices" to third parties "knowing or having reason to know" that the devices were "primarily of assistance in the unauthorized interception or reception of the Plaintiff's television programming," in violation of 47 U.S.C. §605(e)(4) and 47 U.S.C. §605(a). Finally, in Count IV plaintiff alleges that defendant "assembled, manufactured and/or modified existing equipment knowing or

having reason to know that the device(s) thereby created were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming," in violation of 47 U.S.C. §605(e)(4) and 47 U.S.C. §605(a).

It is undisputed that plaintiff has no direct evidence that defendant engaged in any of the foregoing conduct which plaintiff considers unlawful (see discussion at pp. 4-13, *infra*). To the contrary, plaintiff's only basis for bringing this lawsuit is certain information indicating that defendant purchased items which fit plaintiff's self-serving definition of "pirate access devices." Plaintiff contends that this information alone constitutes sufficient circumstantial evidence that defendant actually intercepted its satellite signal and committed the other illegal acts set forth in the Complaint.

## ARGUMENT

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. If the moving party carries its burden of demonstrating that there is an absence of evidence to support a claim, then in order to avoid summary judgment the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P. 56(e)*. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A "genuine issue" only exists if a reasonable fact-finder could return a verdict for the non-moving party. *Id.* Thus, summary judgment is required if the opposing party fails to present evidence sufficient to establish all of the essential elements of its claims. *Id.,* at 322. In determining if the nonmovant has met its burden in opposing summary judgment, the only inferences which may be drawn from the evidence

3

presented are "reasonable" ones. *Eastman Kodak Co. v. Image Tech. Services, Inc.,* 504 U.S. 451, 469 n. 14(1992)(emhasis in original).

I. **AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT INTERCEPTED ITS SATELLITE TELEVISION SIGNAL IN VIOLATION 47 U.S.C. §605(a).**

Count I of the Complaint alleges that defendant intercepted and received DirecTV's satellite transmissions of television programming without authorization, in violation of the Federal Communications Act, 47 U.S.C. §605(a). The statute provides in pertinent part:

> (a) No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.

The plain language of the statute thus makes clear that it a violation can only result from actual interception and publication. *See DirecTV v. Garnett,* Case No. C-03-346 (S.D.Tex., Feb. 26, 2004)("in order to prevail on a cause of action under [section 605(a)], DIRECTV has the burden of showing that a communication in which DIRECTV had proprietary rights was actually intercepted and then divulged"). Moreover, the principle is well-established that mere possession of a device alleged to be "pirate" in nature is alone insufficient to raise an inference that interception occurred. *See,* e.g., *DirecTV v. Fisher,* Case 6:02-3197-18 (D.S.C., Aug. 18, 2003) ("[e]vidence of possession of a pirating device alone does not raise a reasonable inference that defendant possessed the means and ability to intercept DIRECTV's satellite transmission in violation of 47 U.S.C. §605(a)); *V Cable Inc. v. Guercio,* 148 F. Supp. 2d 236, 242 (E.D.N.Y. 2001)(holding mere possession of "pirate" descrambling devices does not violate §605(a)). Moreover,

4

the Act provides that a civil action to recover damages may only be brought by a "person aggrieved" by a violation of §604(a). 47 U.S.C. §605(e)(3)(A). A "person aggrieved" is defined by the Act as "any person with proprietary rights in the intercepted communication by wire or radio . . . " 47 U.S.C. §605(d)(6).

Here, the undisputed facts reveal that, as a matter of law, plaintiff lacks sufficient admissible evidence to sustain its claim that defendant intercepted any satellite signal without authorization. Moreover, even if *arguendo* plaintiff could establish that defendant intercepted a signal, as a matter of law plaintiff cannot establish that it was *plaintiff's* signal that was intercepted, as it is required to do.

Based on the pleadings, discovery responses, and affidavit of the defendant, the following material facts are undisputed:

(i) Defendant has no recollection of purchasing, receiving, or possessing the so-called "pirate devices" described in the complaint. Def.Aff. 2 (Exhibit A).

(ii) At no time did plaintiff observe defendant intercept its signal, and plaintiff is not aware of any person who did observe defendant intercepting its signal. Plaintiff's Response to Defendant's Request for Admissions, Numbers 1, 2 (Exhibit B).

(iii) Plaintiff does not know what programming, if any, defendant allegedly received without authorization. Plaintiff's Response to Request for Admission, Number 4.

(iv) Defendant never intercepted, received, exhibited, or attempted to intercept, receive, or exhibit, any satellite signal without being authorized to do so. Def.Aff. 4.

(v) At no time did defendant have the software necessary to receive plaintiff's satellite signal without authorization. Def.Aff. 4; Plaintiff's Answers to Interrogatory Number 2 (Exhibit C).

(vi) At no time did defendant have technical expertise sufficient to enable him to intercept plaintiff's satellite signal without authorization. Def.Aff. 5.

(vii) Defendant's account history with DirecTV shows that defendant terminated his service several weeks prior to the alleged purchase. Def.Aff. 6; Exhibit D.

(viii) Upon terminating his DirecTV account defendant subscribed to cable television, and has been a cable subscriber continuously since that time. Def.Aff. 6; Exhibit D.

(ix) Defendant terminated his DirecTV subscription for completely innocent reasons, i.e., poor signal quality and lack of customer support. Def.Aff. 6.

(x) Defendant discarded his DirecTV equipment promptly after discontinuing service. Def.Aff. 6.

(xi) Defendant never distributed to a third party any device which he knew or had reason to know was primarily useful in the unauthorized reception of plaintiff's satellite signal. Def.Aff. 4.

(xii) Plaintiff is not in possession of any facts related to defendant's alleged "distribution and/or sales and/or other assistance given to third parties." Plaintiff's Response to Defendant's Request for Admissions, Numbers 8, 9, 10.

(xiii) Defendant never assembled, manufactured, and/or modified any device knowing or having reason to know that it was primarily of assistance in the unauthorized interception of plaintiff's satellite signal. Def.Aff. 4.

(xiv) At no time did plaintiff observe defendant modifying or using the subject devices, and plaintiff is not aware of any person who did observe any such activities. Plaintiff's Response to Defendant's Request for Admissions, Number 3, 4.

The above undisputed facts can lead to only one conclusion: as a matter of law, plaintiff cannot sustain its burden on summary judgment of setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The threshold, and dispositive, issue is that plaintiff has no evidence whatsoever that defendant actually intercepted its signal. As shown, plaintiff admits it did not observe any interception, does not know of anyone who did, and does not know what programming, if any, defendant intercepted. Moreover, there is no competent evidence from which it can even be inferred that defendant bought or ever possessed the devices in question, that the devices were "pirate access devices," that defendant knew them to be "pirate access devices," that defendant intended to use the devices in some unlawful manner, or that defendant had the necessary equipment, software, and/or expertise to intercept an encrypted satellite signal while in possession of the devices. Therefore, plaintiff cannot establish a violation of the statute as a matter of law. Finally, it cannot be seriously disputed that plaintiff is not a "person aggrieved" within the meaning of 47 U.S.C. §605(d)(6): lacking any evidence of actual interception, and lacking any evidence as to the nature and/or source of any intercepted signal, plaintiff is utterly unable to show that it has any "proprietary rights" in any intercepted communication.[1]

In a series of recent decisions in similar "piracy" cases, defendants have been awarded summary judgment against DirecTV even though plaintiff presented stronger evidence than that which plaintiff has here. In *DirecTV v. Bush*, Case H-03-1765 (S.D.

---

[1] In this respect, a satellite broadcaster – whose signal is dispersed over an extensive geographical area along with the signals of its competitors – is in a far different position than a cable operator, which generally has an exclusive franchise to provide service to a particular locale. Thus, in section 553 of the Act, which deals with cable transmissions, Congress did not deem it necessary to define the phrase "any person aggrieved." By contrast, given the very different nature and reach of satellite signals, potential claimants under section 605 were expressly limited to those with a "proprietary interest" in the actual programming intercepted. *See*, generally, *Kingvision Pay-Per-View, Ltd. v. Rocca,* 181 F.Supp.2d 29, 34 (D.N.H. 2002).

Tex., Oct. 24, 2003), the defendant admitted purchasing an allegedly "pirate" device known as a bootloader.  Nonetheless, the Court ruled the defendant was entitled to summary judgment because "DIRECTV has offered nothing more than [defendant's] alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signals in an unauthorized manner."  Memorandum and Order, at 7-8.  Similarly, in *DirecTV v. McFadden,* Case 1:02-CV-924 (W.D. Mich., Oct. 22, 2003), defendant acknowledged purchasing an allegedly "pirate access device."  However, he attested that his purpose in obtaining the device was "to access and view charges placed on his personal credit cards," and that it was never used to intercept a satellite signal.  The Court ruled that since DirecTV had no evidence of actual interception, defendant's unrebutted statements were sufficient as a matter of law to defeat plaintiff's claim under 47 U.S.C. §605(a).  Opinion, at 2-3.  In both *DirecTV v. Fisher, supra,* and *DirecTV v. Harnatkiewicz,* C/A No. 6:02-3198-18 (D.S.C., Aug. 19, 2003), each defendant invoked his Fifth Amendment privilege when asked at deposition whether he had purchased and possessed a "pirating device."  However, defendants contended in each case that they did not have the necessary satellite equipment for receiving a signal, and since plaintiff had no evidence to the contrary, defendants were awarded summary judgment.  In *Garnett, supra,* DirecTV opposed defendant's motion for summary judgment on the basis of evidence that defendant was a DirecTV subscriber and had purchased several "pirate access devices."  Rejecting plaintiff's position, the Court ruled that such evidence was simply insufficient as a matter of law to establish unlawful interception.  The Court emphasized that there was simply no evidence to dispute defendant's claim that he was not aware of the "pirate" nature of the devices and

8

that he did not purchase them with the intent to intercept signals; moreover, defendant's DirecTV subscriber records did not suggest that unlawful interception had occurred. And, in *DirecTV, Inc. v. Stewt,* Civil Action 1:03-CV-307 (E.D.Tex., April 19, 2004), defendant admitted purchasing and receiving 7 items which DirecTV contended were "pirate" devices. DirecTV also presented evidence that defendant had visited a website known as "pirateden" which allegedly served "as a forum for the dissemination and exchange of information pertaining to satellite piracy." However, there was no evidence that defendant possessed all the necessary equipment for receiving a DirecTV signal. The Court thus found that "the circumstantial evidence proffered by DIRECTV is insufficient to establish the existence of the actual interception of its proprietary satellite signal," and allowed defendant's motion for summary judgment on the section 605(a) claim.

  A decision that is believed to be the most recent pronouncement on this subject has confirmed the results of these earlier cases. In *DirecTV v. Luther*, Case No. 4:03CV201 (June 17, 2004, E.D. Tex.), plaintiff accused the defendant of stealing its signal on the basis of the defendant's purchase of an "unlooper." Defendant admitted the purchase and that he knew the device could be used to intercept a satellite signal; however, he contended that it had been obtained for a completely legitimate purpose, i.e., to experiment with smart card technology, and that it was never used to intercept plaintiff's satellite signal. Despite an expert report from DirecTV stating that the unlooper was specifically designed to evade DirecTV's encryption system and that it had no legitimate uses, the Court found insufficient facts as a matter of law to establish interception and awarded summary judgment to defendant on DirecTV's claims under

both 47 U.S.C. §605(a) and 18 U.S.C. §2511.  The Court went on to chastise DirecTV for, *inter alia*, having "persisted in pursuing a case for which it had no legitimate grounds to bring."  *Id.* at 11.

The facts of the case at bar constitute an even stronger basis for summary judgment because: (i) plaintiff cannot establish that defendant purchased or ever possessed the particular devices in question; (ii) there is no competent evidence that the items are in fact "pirate access devices;" iii) even if plaintiff could establish that the items were "pirate access" devices and were purchased by defendant, there is no evidence that defendant was aware of same; (iv) there is no evidence that, even if defendant did possess the devices at some point, he also possessed at the same time all the necessary equipment for viewing plaintiff's signal, that he ever possessed the necessary "pirate software" to intercept plaintiff's signal, or that he had the necessary technical expertise to unlawfully intercept plaintiff's signal;  and v) plaintiff has no evidence in the form of defendant's account history or otherwise from which it can be inferred that interception occurred.  Accordingly, since there is a total absence of evidence, direct or circumstantial, that defendant "actually used the device[s] to intercept one of DIRECTV's signal such that it has standing to sue under the Act as an aggrieved person," plaintiff's claim under Count I is totally unsupported and must fail.  *Garnett, supra* at 11.  *Compare: DirecTV v. Barnes,* 2004 WL 302341 (W.D. Mich., Feb. 2, 2004) and *DirecTV v. Karpinsky,* 274 F.Supp.2d 918, 921 (E.D. Mich. 2003)(each case denying defendant's motion for summary judgment because, *inter alia,* defendant admitted knowledge of the "pirate" nature of a device and having bought it for that purpose, and defendant also possessed all the necessary equipment to intercept signal); *Community Television Systems, Inc. v.*

*Caruso,* 284 F.3d 430 (2nd Cir. 2002)(judgment for cable operator under 47 U.S.C. §605 affirmed where there was evidence that "descrambler unit" purchased by defendants was installed in defendants' home and specifically programmed to receive plaintiff's cable transmission, and defendants also invoked their fifth amendment privileges against self-incrimination on issues of purchase and use of unit).  *Cf. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 259 F.Supp.2d 1029, 1043 (C.D. Cal. 2003)(companies which distribute and support software having both lawful and unlawful uses cannot be held liable for copyright infringement "absent evidence of active and substantial contribution to the infringement itself").

Accordingly, there being no genuine issue of material fact, defendant is entitled to summary judgment as a matter of law on Count I of the complaint.

## II. AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT VIOLATED 18 U.S.C. §2511(1)(a); NOR CAN PLAINTIFF ASSERT A PRIVATE RIGHT OF ACTION FOR A VIOLATION THEREOF.

Plaintiff's claim in Count II of its Complaint essentially mirrors that set forth in Count I: plaintiff asserts that defendant violated 18 U.S.C. §2511(1)(a) as a result of "using Pirate Access Devices for pupose of decryption and viewing of DIRECTV's satellite transmission of television programming."  Complaint, ¶33.  As the *Garnett* and *Stewt* courts both recognized, plaintiff's claim under 18 U.S.C. §2511(1)(a) must fail for the same reason that its claim under 47 U.S.C. §605 (a) is deficient:  plaintiff simply does not have **any** admissible evidence that defendant actually intercepted plaintiff's satellite signal.

In addition, however, plaintiff does not have a private cause of action to recover damages due to an alleged violation of section 2511(1)(a).  This section, part of the

11

Electronic Communications Privacy Act (commonly known as the Wiretapping Act), is a criminal statute which provides for the imposition of penalties against anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  In *DirecTV, Inc. v. Decroce,* 2004 WL 1879922 (D.N.J.), the Court found that the statute's legislative history reflected a congressional intent to protect "the right to be free from unreasonable intrustions upon [one's] seclusion and the right to be free from 'unreasonable publicity concerning [one's] private life,'" and not to punish "piracy of a commercial service." *Id.* at *4 (citations omitted).  The Court found additional support for its position in the language of section 2520, which provides that damages must be set at $10,000 or none at all, a provision which the Court found to conflict directly with the flexible damages provision for satellite piracy set forth in 47 U.S.C. §605(e).  The Court thus concluded: based on "the legislative history of the Wiretapping Act, the reported case law, and the significant differences between the [two] damages provisions," DirecTV has no private right of action for violations of Section 2511(1)(a). *Id.* at *6.   *See*, also, *In re DIRECTV, Inc.,* 5:02CV699-BR(3)(E.D.N.C., Jan. 20, 2004)(finding that section 2520(c) "applies damages only to violations of communications that are not scrambled or encrypted" and dismissing plaintiff's section 2511 claim).

     Accordingly, for all the above reasons defendant is entitled to summary judgment on Count II of the Complaint.

### III. AS A MATTER OF LAW, PLAINTIFF CANNOT PROVE ITS "DISTRIBUTION" CLAIM SET FORTH IN COUNT III OF THE COMPLAINT.

In Count III of the Complaint, plaintiff alleges that defendant "distributed one or more Pirate Access Devices to third parties knowing or having reason to know that the Pirate Access Devices are or were primarily of assistance in the unauthorized interception or reception of Plaintiff's television programming. . . " Complaint, ¶36.  Plaintiff asserts that this conduct violated both 47 U.S.C. §605(e)(4) and 47 U.S.C. §605(a).

The threshold, and dispositive, issue with respect to both statutory provisions is that – as shown above - plaintiff has no competent evidence that defendant purchased any so-called "pirate access device," much less that defendant ever "distributed" any such device.  Indeed, plaintiff has acknowledged that it did not observe defendant assist third persons in receiving plaintiff's satellite signal, and that it has absolutely no knowledge of any "specific details of the distribution and/or sales and/or other assistance given to third parties."  Plaintiff's Responses to Defendant's Request for Admissions, Numbers 8, 9, 10.  Thus, as a matter of law plaintiff cannot carry its burden of producing "specific facts" showing that defendant "assisted" any other person in receiving a communication in violation of section 605(a), or that defendant "distributed" any device "knowing or having reason to know that [it] is primarily of assistance in the unauthorized decryption of . . . direct-to-home satellite services" in violation of section 605(e)(4).   Defendant is therefore entitled to summary judgment on Count III of the Complaint.

### IV. AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING ITS "MODIFICATION" CLAIM SET FORTH IN COUNT IV OF THE COMPLAINT.

In Count IV of its Complaint, plaintiff alleges that defendant "assembled, manufactured, and/or modified existing equipment knowing or having reason to know that the [devices] thereby created were primarily of assistance in the unauthorized interception or reception of the Plaintiff's satellite television programming." Plaintiff contends that this conduct violated both 47 U.S.C. §§605(e)(4) and 605(a). Defendant has categorically denied engaging in any such activity. Def.Aff. 4.

As with its other claims, plaintiff simply has no evidence to establish the essential elements of its cause of action. Plaintiff has admitted that it did not observe defendant modifying or using the subject devices, and that it has no knowledge of anyone who did. Plaintiff's Responses to Defendant's Requests for Admissions, 3, 4 (Exhibit B). Indeed, plaintiff cannot point to any fact which even suggests that defendant "assembled, manufactured and/or modified" *anything*, much less the devices at issue in this case. Nor does plaintiff have any evidence that the defendant's alleged conduct resulted in the creation of *any* device that could be used to unlawfully intercept plaintiff's signal or, moreover, that defendant knew or had reason to know of same. Accordingly, this claim is utterly without foundation, and defendant is entitled to summary judgment on Count IV of the Complaint.

## CONCLUSION

For all the above reasons, defendant has shown that there is no genuine issue of material of fact and that he is entitled to summary judgment as a matter of law on each count of the Complaint.

## Request for Oral Argument

Defendant requests that oral argument on this motion be scheduled, as defendant believes that said argument will assist the Court in resolving the issues raised herein.

Respectfully submitted:

/s/Kenneth D. Quat
BBO 408640
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848