UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| **DIRECTV, INC., a California corporation,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**Joseph Gryboski,**<br><br>　　　　Defendant | CASE NO.: 03-12255-WGY |

**PLAINTIFF DIRECTV, INC.'S RESPONSES AND OBJECTIONS
TO DEFENDANT   JOSEPH GRYBOSKI'S FIRST REQUEST FOR ADMISSIONS**

Now comes, Plaintiff DIRECTV, Inc. ("DIRECTV") by and through its undersigned counsel, and states the following for its objections and responses to Defendant Joseph Gryboski's First Request for Admissions:

**General Objections**

1.　DIRECTV's responses herein are made solely for purposes of this civil action.  Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility, and to any and all other objections and grounds that would require the exclusion of any information or statement asked of or made by a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed at a later date.

2.　DIRECTV has not completed its investigation of this action, has not completed discovery, and has not completed trial preparation.  The responses hereinafter are based on DIRECTV's knowledge, information and belief at this time, and are made without prejudice to the objections set forth herein. DIRECTV specifically reserves the right to amend and/or supplement its responses herein at any time or to introduce facts or to identify documents not contained or identified herein if it should appear at any time that omissions or errors have been made or if it obtains additional or more accurate information. DIRECTV further specifically reserves the right to rely upon such facts or documents, and persons having knowledge of such facts or

documents, as may be derived through future discovery or through its continuing investigation in this matter or as may be adduced at trial.

    3.    The following responses are based upon information presently available to and located by DIRECTV and its attorneys and, except for explicit facts expressly set forth herein, no incidental or implied admissions are intended hereby. The fact that DIRECTV has responded or objected to any request for admission or any part thereof is not intended to be and should not be construed to be an admission that DIRECTV accepts or admits the existence of any "facts" set forth or assumed by such request, nor should it be construed as a waiver by DIRECTV of all or any part of any objection to any request for admission made by Defendant. The fact that DIRECTV has responded to or objected to a request or part thereof should not be taken as an admission that such response or objection constitutes admissible evidence.

    4.    To the extent any or all of the requests for admission seek information or documents prepared in anticipation or defense of litigation or for trial, or for information or documents covered by the work product doctrine or protected from disclosure by the attorney-client privilege, DIRECTV objects to each and every such request, and thus will not supply or render any information protected from disclosure by any applicable privilege.

    5.    DIRECTV objects to the instructions and definitions contained in Defendant's Request for Admissions to the extent Defendant attempts to impose obligations on DIRECTV greater than those required by the Federal Rules of Civil Procedure.

These general objections are hereby incorporated into each specific response below.

**Specific Objections and Responses to Requests for Admissions**

    1.    DIRECTV did not at any time observe Defendant pirating its signals.

        **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the

term means to be physically present at the location and during the time of Defendant's piracy of DIRECTV's signals.

**RESPONSE:** Subject to and without waiving the foregoing objections and further subject to DIRECTV's understanding of the request, no employee, agent or representative of DIRECTV was present in person at the place and time of Defendant's interception of DIRECTV satellite programming.

**Admitted.**

2. DIRECTV is not aware of any person who observed Defendant pirating its signals.

   **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present at the location and during the time of Defendant's piracy of DIRECTV's signals.

   **RESPONSE:** Subject to and without waiving this objection, and further subject to DIRECTV's understanding of this request, DIRECTV further responds as follows:

   **Admitted.**

3. DIRECTV did not, at any time, observe Defendant manufacturing, assembling, modifying or using the alleged "pirate" device(s) described in paragraph 19 of the complaint.

   **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present at the location and during the time of Defendant's modification or use of the devices enumerated in paragraph 12 of the Complaint.

>   **RESPONSE:** Subject to and without waiving this objection, and further subject to DIRECTV's understanding of this request, DIRECTV further responds as follows:
>
>   **Admitted.**

4. DIRECTV is not aware of any person who observed Defendant, observe Defendant manufacturing, assembling, modifying or using the alleged "pirate" device(s) described in the complaint.

    >   **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present at the location and during the time of Defendant's modification or use of the devices enumerated in paragraph 12 of the Complaint.
    >
    >   **RESPONSE:** Subject to and without waiving this objection, and further subject to DIRECTV's understanding of this request, DIRECTV further responds as follows:
    >
    >   **Admitted.**

5. DIRECTV did not, at any time, observe defendant in possession of all the DSS Hardware components, which would enable him/her to receive DirecTV satellite programming signals whether authorized or unauthorized.

    >   **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present and visually observe the defendant in possession of the equipment.
    >
    >   **RESPONSE:** Subject to and without waiving the foregoing objection, the Plaintiff admits that it does not have records specifically referencing a visual observation but, in light of the fact that

Defendant did have an account with the Plaintiff, there is ample evidence of his possession of the necessary equipment.

6. DIRECTV is not aware of any person who observed Defendant in possession of all the DSS Hardware components, which would enable him/her to receive DirecTV satellite programming signals whether authorized or unauthorized.

    **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present and visually observe the defendant in possession of the equipment.

    **RESPONSE:** Subject to and without waiving the foregoing objection, the Plaintiff admits that it does not have records specifically referencing a visual observation but, in light of the fact that Defendant did have an account with the Plaintiff, there is ample evidence of his possession of the necessary equipment.

7. DIRECTV does not specifically know what, if any, satellite programming signals or programs Defendant received without paying DIRECTV therefore.

    **OBJECTION:** DIRECTV objects to this request in that the term "specifically know" is vague, ambiguous and undefined.

    **RESPONSE:** Subject to and without waiving this objection, DIRECTV further responds as follows:

    **Denied in part**. While DIRECTV does have reason to know that Defendant received satellite programming without payment to DIRECTV, DIRECTV does not know, at this time, specifically

what programming Defendant actually observed. However, by using an illegally modified access card, Defendant would have access to all DIRECTV programming.

8. DIRECTV does not specifically know what, if any, actions Defendant took to assist third parties in receiving DIRECTV's signals without authorization and without payment as alleged in the complaint.

   **OBJECTION:** DIRECTV objects to this request in that the term "specifically know" is vague, ambiguous and undefined

   **RESPONSE:** Subject to and without waiving this objection, DIRECTV further responds as follows:

   **Denied in part**. While DIRECTV does have reason to know that the Defendant assisted third parties in obtaining DIRECTV's signals without authorization and without payment to DIRECTV, DIRECTV does not know, at this time, the specific details of the distribution and/or sales and/or other assistance given to third parties.

9. DIRECTV did not observe Defendant assist third persons in receiving DIRECTV satellite transmissions.

   **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present and visually observe the defendant while assisting third parties.

   **RESPONSE:** Subject to and without waiving this objection, DIRECTV further responds as follows:

**Denied in part**. While DIRECTV does have reason to know that the Defendant assisted third parties in obtaining DIRECTV's signals without authorization and without payment to DIRECTV, DIRECTV does not know, at this time, the specific details of the distribution and/or sales and/or other assistance given to third parties.

10. DIRECTV is not aware of any person who observed Defendant assist third persons in receiving DIRECTV satellite transmissions.

    **OBJECTION:** DIRECTV objects to this request in that the term "observe" is vague, ambiguous and undefined; however, for purposes of responding to this request, DIRECTV assumes that the term means to be physically present and visually observe the defendant while assisting third parties.

    **RESPONSE:** Subject to and without waiving this objection, DIRECTV further responds as follows:

    **Denied in part**. While DIRECTV does have reason to know that the Defendant assisted third parties in obtaining DIRECTV's signals without authorization and without payment to DIRECTV, DIRECTV does not know, at this time, the specific details of the distribution and/or sales and/or other assistance given to third parties.

11. In order to receive and view DIRECTV'S satellite programming signals whether authorized or not, Defendant must have had at the time of the alleged illegal interception(s) DSS Hardware consisting of a satellite dish, a satellite receiver and an access card.

    **RESPONSE:** Denied in part as far as "DSS Hardware" as referenced in the request, does not include the necessary cabling. There are various ways to obtain satellite transmissions without authorization. At a minimum, an individual would need *access* to (i) a fixed outdoor satellite

dish; (ii) a satellite receiver designed to capture DIRECTV's satellite signals; and (iii) a television set. Each of these items are typically purchased or obtained from entities other than DIRECTV.

12. In order to receive and view DIRECTVS satellite signals without authorization, Defendant must have had at the time of the alleged illegal interception(s) an illegally modified Access Card complete with programming necessary to illegally decrypt DIRECTV'S satellite programming signals.

> **RESPONSE:** Denied in part.
>
> See response to Request No. 11 above.

13. Other than allegedly ordering and receiving the device(s) set forth in paragraph 19 of the complaint, at the time of filing this action DIRECTV was not in possession of any facts or evidence which supported the claims made against defendant.

> **OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.
>
> **RESPONSE:** Subject to and without waiving the foregoing objection, **denied.**

Respectfully Submitted,

John M. McLaughlin (BBO 556328)
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865
Attorney for Plaintiff DIRECTV, Inc.