UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action 03-12255-WGY |
| | ) | |
| | ) | |
| JOSEPH GRYBOSKI, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, defendant Joseph Gryboski states that that there is no genuine issue to be tried with respect to the following material facts of record:

(i) Defendant has no recollection of purchasing, receiving, or possessing the "pirate access devices" described in the Complaint. Def.Aff. 2 (Exhibit A to Motion for Summary Judgment).

(ii) Defendant could not have intercepted plaintiff's signal unless he had access to a fixed satellite dish, a satellite receiver, and a DirecTV access card. Complaint, ¶2; Plaintiff's Response to Defendant's Request for Admissions, Numbers 11, 12 (Exhibit B to Motion for Summary Judgment).

(iii) At the time of the alleged purchase and thereafter, defendant did not have the equipment necessary to receive plaintiff's satellite signal without authorization. Def.Aff. 6; Exhibit D to Motion for Summary Judgment.

(iv) At no time did defendant have the software necessary to receive plaintiff's satellite signal without authorization. Def.Aff. 4; Plaintiff's Answers to Interrogatory Number 2 (Exhibit C to Motion for Summary Judgment).

(v) At no time did defendant have technical expertise sufficient to enable him to intercept plaintiff's satellite signal without authorization. Def.Aff. 5.

(vi) At no time did plaintiff observe defendant intercept its signal. Plaintiff's Response to Defendant's Request for Admissions, Number 1.

(vii) Plaintiff is not aware of any person who observed defendant intercept its signal. Plaintiff's Response to Defendant's Request for Admissions, Number 2.

(viii) Plaintiff does not know what programming, if any, defendant allegedly received without authorization. Plaintiff's Response to Request for Admission, Number 7.

(ix) Defendant never intercepted, received, exhibited, or attempted to intercept, receive, or exhibit, any satellite signal without being authorized to do so. Def.Aff. 4.

(x) Defendant terminated his DirecTV account several weeks prior to the alleged purchase, and said termination was for purely innocent reasons having nothing to do with satellite piracy. Def.Aff. 6; DirecTV Account History (Exhibit D to Motion for Summary Judgment).

(xi) Defendant has been a subscriber to cable television programming continuously since canceling his DirecTV account. Def.Aff. 6; Exhibit D to Motion for Summary Judgment).

(xii) Defendant never distributed to a third party any device which he knew or had reason to know was primarily useful in the unauthorized reception of plaintiff's satellite signal. Def.Aff. 4.

(xiii) Plaintiff is not in possession of any facts relating to defendant's alleged "distribution and/or sales and/or other assistance given to third parties." Plaintiff's Response to Defendant's Request for Admissions, Numbers 8, 9, 10.

(xiv) Defendant never assembled, manufactured, and/or modified any device knowing or having reason to know that it was primarily of assistance in the unauthorized interception of plaintiff's satellite signal. Def.Aff. 6.

(xv) At no time did plaintiff observe defendant modifying or using the subject devices. Plaintiff's Response to Defendant's Request for Admissions, Number 3.

(xvi) Defendant is not aware of any person who observed defendant modifying or using the subject devices. Plaintiff's Response to Defendant's Request for Admissions, Number 4.

/s/Kenneth D. Quat
BBO 408640
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848