IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OCT 27 2003

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1765 |
| | § | |
| WINSTON BUSH, | § | |
| | § | |
| Defendant. | § | |

**FINAL JUDGMENT**

In accordance with the court's Memorandum and Order granting the Defendant's Motion for Summary Judgment, this action is **DISMISSED with prejudice**.

Costs will be taxed against plaintiff.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this 24th day of October, 2003.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

n:\files\m&o\03-1765 fj

16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1765 |
| | § | |
| WINSTON BUSH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Winston Bush's Motion for Summary Judgment (Docket Entry No. 6) and Supplemental Motion for Summary Judgment (Docket Entry No. 8). For the reasons stated below, Bush's motion will be granted.

### I. Factual and Procedural Background

On May 22, 2003, plaintiff, DIRECTV, Inc., brought this action against Winston Bush seeking statutory damages, punitive damages, costs, including attorneys' fees, and injunctive relief "for the assembly, distribution, possession and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communications signals."[1] Specifically, DIRECTV sues pursuant to several federal statutes, including the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, et seq., ("Communications Act") and

---

[1] Original Complaint, Docket Entry No. 1 at ¶ 1.

the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510, et seq. ("ECPA"), TEX. CIV. PRAC. & REM. CODE §§ 123.00, et seq., and for common law conversion.

The following relevant facts are undisputed. Winston Bush is a Texas resident. Bush purchased a "Terminator Boot Loader" from DSS-Stuff, a Web merchant, on or about March 8, 2001.[2]

Bush seeks summary judgment against DIRECTV alleging that DIRECTV has produced no evidence to support a critical element of its claims: that Bush actually intercepted signals in which DIRECTV has a proprietary interest.[3]

## II. Standard of Review

Summary judgment is authorized when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Facts are "material" if they "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A material fact creates a "genuine issue" if, under the evidence, a reasonable trier of fact could resolve the factual dispute in favor of either party. Id. at 2511.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions,

---

[2] DIRECTV's Response to Bush's Motion for Summary Judgment, citing Bush's Deposition at p. 23, line 24 - p. 24, line 16.

[3] See Bush's Motion for Summary Judgment, Docket Entry No. 6.

answers to interrogatories, and admissions on file, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). If the party moving for summary judgment meets this initial burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Factual controversies are resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Id. A court must "view the evidence presented through the prism of the substantive evidentiary burden" that would operate at trial. Anderson, 106 S.Ct. at 2513.

### III. Bush's Motion and Analysis

A.  The Parties' Arguments

Bush urges the court to dismiss this action because DIRECTV has no evidence that DIRECTV is a "person aggrieved" as defined by 47 U.S.C. § 605(d)(6).[4] Furthermore, Bush asserts that DIRECTV has no evidence that Bush[5] possesses the requisite equipment or

---

[4] Bush's Motion for Summary Judgment, Docket Entry No. 6 at ¶ 2.

[5] In the instant motion Bush's attorney refers to his client Winston Bush as "Lawrence Turner" in paragraphs 1 and 6. This oversight, although suggesting a lack of care, does not obscure the essential fact that the motion is brought on behalf of Winston Bush; Winston Bush signed the affidavit attached to the motion.
(continued...)

knowledge to intercept DIRECTV's satellite communications or evidence that he has ever intercepted its programming.[6] Bush contends that DIRECTV has nothing more to show the court than its allegation that Bush purchased a "boot loader" via the internet.

DIRECTV responds by attacking Bush's credibility.[7] DIRECTV endeavors to substantiate its allegations with citations to Bush's Deposition[8] and allegations that he has been disingenuous about why he purchased the boot loader. DIRECTV does not argue that purchasing and/or possessing a boot loader is illegal per se. Nor does DIRECTV offer evidence that Bush used this device to intercept DIRECTV signals.

B.  Analysis

Although Bush's motion does not explicitly challenge each of DIRECTV's causes of action, a critical element in each of DIRECTV's claims is proof that Bush intercepted and/or unlawfully appropriated a signal in which DIRECTV has a proprietary interest.

---

(...continued)
Although the signature page for the affidavit is out of order, it is clearly intended to substantiate the document entitled "Affidavit of Winston Bush." See Bush's Motion for Summary Judgment, Docket Entry No. 6, Attachment.

[6]Bush's Motion for Summary Judgment, Docket Entry No. 6 at ¶ 3.

[7]See DIRECTV's Response, Docket Entry No. 13.

[8]DIRECTV failed to provide the court with a copy of this deposition, which is the sole "evidence" it offers to establish that a genuine issue of material fact exists as to the viability of its claims.

Therefore, the court views Bush's motion as dispositive of the entire action.

47 U.S.C. § 605(a), part of the Communications Act, prohibits any unauthorized person from "receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio" and then "divulg[ing] or publish[ing]" that material except through authorized channels. The Communications Act further authorizes "any person aggrieved" by a violation of 47 U.S.C. § 605(a) to bring a civil action in federal court. 47 U.S.C. § 605(e)(3)(A). The Act defines "any person aggrieved" as including "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming . . . ." 47 U.S.C. § 605(d)(6). Therefore, in order to prevail on a cause of action under this statute, DIRECTV has the burden of showing that a communication in which DIRECTV had proprietary rights was actually intercepted and then divulged. DIRECTV cannot simply allege that it possesses evidence that Bush bought a device that was, in principle, capable of intercepting its signal.

Although 47 U.S.C. § 605(4) is formulated as a criminal provision, 47 U.S.C. § 605(e)(3)(A) permits "any person aggrieved" to bring actions for violations of 47 U.S.C. § 605(4), that is against

> [a]ny person who manufactures, assembles, modifies, imports, exports, sells or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is

n:\files\m&o\03-1765 fj                -5-

> primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite service, or is intended for any other activity prohibited by subsection (a) . . . .

47 U.S.C. § 605(e)(3)(A). According to DIRECTV, Bush, in his deposition, conceded to having purchased and then distributed a device described in 47 U.S.C. § 605(e)(4). However, DIRECTV has not responded to Bush's contention that DIRECTV has offered no evidence that Bush actually used the device to intercept one of DIRECTV's signals such that it has standing to sue under the Act as an aggrieved person.

DIRECTV also relies on 18 U.S.C. §§ 2511 and 2512 for causes of action against Bush. Yet these are criminal provisions of the ECPA that do not give rise to a private right of action. Another part of that Act does authorize civil actions by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . . ." 18 U.S.C. § 2520. Yet, to prevail on such an action a party must prove that the communication in question was "intercepted, disclosed, or intentionally used." Id. All DIRECTV has offered are allegations that Bush purchased a device capable of such interception.

DIRECTV also alleges that Bush is liable for civil conversion and that he violated TEX. CIV. PRAC. & REM. CODE §§ 123.001, et seq. Proving conversion requires proving actual theft. P & T Mfg. Co., Inc. v. Exchange Sav. & Loan Ass'n, 633 S.W.2d 332, 333 (Tex. App. -- Dallas 1982, writ refused n.r.e.) (finding that conversion is

only complete "where a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion or defiance of the right of possession of the owner or of the person entitled to the possession of the property involved"). By contrast, TEX. CIV. PRAC. & REM. CODE § 123.002 creates a cause of action such that a party to a communication may sue a person who "intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept" communication covered by the statute. Although under section 123.002 a plaintiff need only prove that the defendant attempted to intercept the communication, DIRECTV has presented no summary judgment evidence that Bush attempted to do so.

Ultimately, DIRECTV argues that Bush seeks "summary judgment based on his unsubstantiated claims that he purchased the Bootloader for the mysterious 'David,' who know [sic] one has seen or heard from in a long time, and that he is completely innocent of any wrongdoing."[9] However, this mode of argument demonstrates that DIRECTV does not comprehend the burden of proof in avoiding summary judgment. A party bringing a no-evidence motion for summary judgment does not have to produce evidence of his innocence, as DIRECTV suggests. The non-movant has the burden of responding to the allegation that it has no evidence by producing some evidence. DIRECTV has offered nothing more than Bush's alleged admission that he bought a device that DIRECTV contends is capable of intercepting

---

[9]DIRECTV's Response, Docket Entry No. 13 at ¶ 10.

its satellite signals in an unauthorized manner. DIRECTV offers no evidence that would enable a reasonable jury to find for DIRECTV on a critical element of each of its claims: that Bush intercepted or attempted to intercept a communication in which DIRECTV had a proprietary interest.

Bush argues that, "[i]f a party could avoid summary judgment merely by asserting that a witness should not be believed then Rule 56 would seem to be nothing more than a pointless adjunct to Rule 12."[10] The court agrees.

DIRECTV asks the court for more time to conduct further discovery to uncover evidence to support its claims. The court finds that DIRECTV has already had a fair opportunity for discovery.

### IV. Conclusion and Order

For the reasons set forth above, Defendant Bush's Motion for Summary Judgment (Docket Entry No. 6) with its Supplemental Motion (Docket Entry No. 8) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 24th day of October, 2003.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10] Bush's Reply, Docket Entry No. 14 at ¶ 4.

n:\files\m&o\03-1765 fj                -8-