UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECTV, INC.,

    Plaintiff,

v.                                        Case No. 1:02-CV-924

KENNETH MCFADDEN,                 HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

    The Court has before it Defendant, Kenneth McFadden's ("McFadden"), motion for summary judgment. The motion was filed on August 18, 2003. Pursuant to a stipulation dated September 11, 2003, and an order dated September 19, 2003, the deadline for Plaintiff, DIRECTV, Inc. ("DIRECTV"), to respond to the motion for summary judgment was extended from September 15, 2003, to September 29, 2003.

    To date, DIRECTV has not responded to McFadden's motion. The Sixth Circuit has held that under these circumstances,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). See also Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded a court's reliance on facts advanced by the movant is proper and sufficient).

DIRECTV alleges that McFadden: (1) violated 47 U.S.C. § 605(a) by receiving and assisting others in receiving DIRECTV's satellite television transmissions without authorization from DIRECTV; (2) violated 18 U.S.C. § 2511(1)(a) by using a pirate access device to decrypt and view DIRECTV's satellite television transmissions; (3) violated 18 U.S.C. § 2511(1)(b) by using a pirate access device to decrypt and view DIRECTV's satellite television transmissions with intent to avoid payment of the lawful charges for such transmissions and by possessing and using a pirate access device with intent to avoid payment to DIRECTV of the lawful charges for its programming; and (4) converted DIRECTV's property by importing, possessing and using a pirate access device.

McFadden contends that DIRECTV cannot prevail on its claims because it cannot show that McFadden possessed a pirate access device with the intent to decrypt and view DIRECTV's signal and to avoid payment of DIRECTV's fees, nor can it show that McFadden actually used a pirate access device to decrypt and view DIRECTV's signal. As support for his motion, McFadden relies on his affidavit, in which he states that on April 23, 2000, he purchased a device from a company called White Viper. (McFadden Aff. ¶ 3, Def.'s Br. Supp. Ex. A.) McFadden asserts that he purchased the device in order to access and view charges placed on his personal credit cards. (Id. ¶ 4.) McFadden states that although he received the device, he was unable to use it because it did not come with instructions and he was not familiar with the technology behind the device. (Id. ¶¶ 5, 6.) McFadden attempted to return the device, but the White Viper site no longer existed. (Id. ¶ 7.) McFadden claims that he never connected the device to any television and never used the device to intercept DIRECTV's satellite transmission. (¶¶ 8, 9.)

McFadden has presented evidence showing that he purchased the device from White Viper with the intent of using it for something other than intercepting DIRECTV's satellite transmission. McFadden has also shown that he did not intercept or attempt to intercept DIRECTV's satellite

transmission. This evidence is sufficient to defeat DIRECTV's claims. DIRECTV has failed to come forward with any evidence refuting McFadden's affidavit, i.e., showing that McFadden possessed the device with the intent to steal DIRECTV's signal or that McFadden used the device to steal DIRECTV's signal. Accordingly, there is no genuine issue of material fact, and McFadden is entitled to judgment as a matter of law.

An Order consistent with this Opinion will be entered.


Dated: October 22, 2003                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECTV, INC.,

    Plaintiff,

v.

KENNETH MCFADDEN,

    Defendant.
_____/

Case No. 1:02-CV-924

HON. GORDON J. QUIST

## ORDER

In accordance with the Opinion filed this date,

**IT IS HEREBY ORDERED** that Defendant's Motion For Summary Judgment (docket no. 76) is **GRANTED**.

This case is **dismissed**.

Dated: October 22, 2003

          /s/ Gordon J. Quist
        GORDON J. QUIST
    UNITED STATES DISTRICT JUDGE