IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**FILED**
AUG 1 9 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| DIRECTV, INC., a California Corporation, | ) ) ) C/A No. 2:02-3198-18 ) |
| Plaintiff, | ) ) ENTERED |
| v. | ) 8/19/03 ) **ORDER** |
| CHARLES R. HARNATKIEWICZ, | ) ) |
| Defendant. | ) ) |

This action is before the court upon the Magistrate Judge's recommendation that defendant's Motion for Summary Judgment be denied. This record includes a Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (2000).

A plaintiff may object, in writing, to a Magistrate Judge's report within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Three days are added to the ten-day period if the recommendation is mailed rather than personally served. The Magistrate Judge's Report and Recommendation was filed on July 23, 2003. Defendant filed his timely written objections on July 28, 2003. The court heard oral arguments on August 15, 2003.

I.  **Review of Magistrate Judge's Report and Recommendation**

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in that report. 28 U.S.C. § 636(b)(1) (2000). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any

other standard, the factual findings and legal conclusions of the Magistrate Judge to which the parties have not objected. Id. at 149-50. General objections will not suffice to obtain judicial review of a Magistrate Judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

**II.    Summary Judgment Standard**

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden of showing that there is an absence of evidence to support a claim, then the non-moving party must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. Id. at 324-25. An issue of fact is "genuine" when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Id. When determining whether there is an issue for trial, the court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**II.    Discussion**

Plaintiff, DIRECTV, filed a complaint against defendant, Charles R. Harnatkiewicz, on September 26, 2002, alleging a total of four claims. In the first claim,

DIRECTV alleges that defendant received and assisted others in receiving unauthorized programming, in violation of 47 U.S.C. § 605(a). (Pl.'s Compl. at 4-5). The second claim alleges that defendant intentionally intercepted, endeavored to intercept, or procured others to intercept DIRECTV's satellite programming in violation of 18 U.S.C. § 2511(1)(a). (Id. at 5-6). The third claim alleges that defendant possessed pirate access devices in violation of 18 U.S.C. § 2512(1)(b). (Id. at 6-7). Finally, the fourth claim alleges that defendant is liable for common law conversion for unlawfully intercepting DIRECTV's satellite transmissions for his own use. (Id. at 7). Only the first claim pursuant 47 U.S.C. § 605(a) remains for the court's consideration. Plaintiff informed the court at the August 15 hearing that this is the only remaining viable claim, and that it has withdrawn the others.

To establish liability under 47 U.S.C. § 605(a), DIRECTV must prove that defendant received, assisted in receiving, or intercepted DIRECTV's satellite transmissions. In order to receive DIRECTV's satellite signal, a subscriber must have the appropriate digital satellite system hardware, which includes a satellite dish, an integrated receiver/decoder, and an access card. DIRECTV alleges that each pirating device functions in the form of a legitimate access card in that it allows for the decryption and receipt of its broadcasts. (Pl.'s Compl. at 2). As plaintiff agrees, in order for the pirating device to successfully work, the appropriate satellite system hardware is needed to be able to access DIRECTV's signal.

In this case, a negative inference exists against defendant as to his purchase and possession of a pirating device.[1] Plaintiff lacks, however, any evidence that defendant

---

[1] When questioned on this issue, defendant invoked his Fifth Amendment privilege on the advice of his counsel. Defendant concedes that from this a fact-finder could infer that defendant possessed the alleged device. (Def.'s Obj. at 5).

possessed the appropriate equipment enabling him to use this device to intercept its signal. Defendant testified he has never subscribed to DIRECTV's service and that he has never owned or possessed any satellite equipment. (Harnatkiewicz Dep. at 9-14). DIRECTV has not come forth with any evidence refuting defendant's statements or otherwise raising a reasonable inference that defendant in fact possessed any satellite equipment enabling him to intercept its satellite transmissions.

Evidence of possession of a pirating device alone does not raise a reasonable inference that defendant possessed the means and ability to intercept DIRECTV's satellite transmission in violation of 47 U.S.C. § 605(a). Accordingly, in the absence of any evidence that defendant possessed any equipment allowing him to successfully use a pirating device to intercept DIRECTV's signal, defendant's motion for summary judgement must be granted.

### III. Conclusion

It is therefore **ORDERED** that defendant's Motion for Summary Judgment be **GRANTED**.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 13, 2003**
**Charleston, South Carolina**